# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TROY ARTIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:16-cv-1498 (SRU) |
| | : | |
| MS. NANCY, et al., | : | |
| Defendants. | : | |

## <u>INITIAL REVIEW ORDER</u>

Troy Artis is incarcerated at MacDougall Correctional Institution ("MacDougall").   He has filed a civil rights action, pro se, naming Ms. Nancy, Mr. Rodriguez, Ms. Lightner, Ms. Heidi Green, Mr. Pillai and Mr. Rosenberg as defendants.  For the reasons set forth below, the complaint is dismissed.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be

construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Artis alleges that, on April 11, 2016, he received a notification of test results from a nurse at Enfield Correctional Institution.  On July 7, 2016, he sought treatment in the Enfield medical unit for a tingling sensation in his left arm, elbow and upper shoulder due to inflammation caused by shoulder injury.

Prison officials transferred Artis to MacDougall at some point on July 7, 2016.  After his arrival at MacDougall, he sent a written request to Ms. Green to find out why he had been transferred to MacDougall.  On July 8, 2016, the plaintiff filed a health service review seeking treatment for shoulder pain.  A medical provider denied his request for treatment.

On July 11, 2016, prison officials at MacDougall posted a notice regarding the side effects of nonsteroidal, anti-inflammatory drugs.  Artis sent a "Legal Notice of Suit" to Ms. Lightner, but she did not respond to the notice.  On July 27, 2016, Artis filed a request for health service seeking treatment for his shoulder pain.

On August 4, 2016, Artis sought treatment for side effects of Naproxen, a medication that a medical provider had prescribed for him.  On August 11, 2016, Artis sent a "Legal Affidavit" Ms. Lightner regarding a violation of Administrative Directive 8.1, Scope of Health Service Care.

The plaintiff filed grievances on July 8, 2016, and July 28, 2016, seeking medical treatment.  He did not receive responses to the grievances.  On August 25, 2016, he filed an

2

appeal seeking written responses to the grievances.  A copy of the appeal is attached to the complaint.  Although Artis makes reference to various exhibits, no other exhibits are attached to the complaint.

## I.      Official Capacity Claims

For relief, Artis requests compensatory and punitive damages.  To the extent that Artis seeks damages from the defendants in their official capacities, the claims are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  Those claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## II.     Defendants Nancy, Rodriguez, Pillai and Rosenberg

Artis identifies Ms. Nancy as the Medical Records Secretary at Enfield, and Mr. Rodriguez as the Deputy Warden of Operations and Medical at Enfield.  Mr. Pillai is identified as a physician at MacDougall, and Mr. Rosenberg is identified as a nurse at Enfield.  Artis lists those defendants in the description of the parties on page two of the complaint, but does not otherwise mention them in the body of the complaint.

Artis has not asserted facts to suggest that any of those defendants was deliberately indifferent to his medical needs or otherwise violated his federally or constitutionally protected rights.  All claims against defendants Nancy, Rodriguez, Pillai and Rosenberg are dismissed without prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

## IV.    Defendants Green and Lightner

Artis describes Heidi Green as a nursing supervisor at MacDougall and Ms. Lightner as a Health Administrator at MacDougall.   He claims that he asked Ms. Green why he had been transferred to MacDougall and she responded to his request.  The exhibit referenced by Artis is

not attached to the complaint.  That allegation does not state a claim that Ms. Green violated the constitutional rights of Artis.  The claims against defendant Green are dismissed without prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

Artis alleges that he sent a legal notice of a lawsuit and an affidavit to Health Administrator Lightner regarding violations of the administrative directives related to medical care to be provided to inmates.  Health Administrator Lightner did not respond to the notice of suit.   Those allegations do not state a claim of deliberate indifference to medial needs. The claims against defendant Lightner are dismissed without prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

## IV.    ORDERS

It is hereby ordered that:

(1)      The claims against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  All other claims against the defendants are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).   The court declines to exercise supplemental jurisdiction over any state law claims.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

(2)      I will permit the plaintiff to file an amended complaint if he can assert facts to show how each defendant violated his federal constitutional rights and the dates on which those alleged violations occurred.  Any amended complaint must be filed within thirty days of the date of this order.  If Artis chooses not to file an amended complaint within the time specified, the

4

Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Bridgeport, Connecticut this 15th day of December 2016.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge